## Stowe v. Stowe.

*Divorce—Desertion—Refusal of husband to take back wife.*

Where a wife leaves her husband without cause and the husband subsequently sends her word that he will not take her back, and refuses her request to return to him, the desertion ceases to be continuous, and the husband will not be entitled to a divorce.

Exceptions to master's report. C. P. Delaware Co., Dec. T., 1921, No. 315.

*Joseph H. Hinkson*, for exceptions; *A. D. McDade*, contra.

BROOMALL, J., Jan. 22, 1924.—This is a proceeding for a divorce *a vinculo matrimonii*. It was referred to a master to take the testimony and report the same, together with his opinion of the case. The master has recommended that a divorce be granted. We are not able to follow this recommendation.

The statute referring to the cause under consideration says "wilful and malicious desertion and absence from the habitation of the other without a reasonable cause for and during the term and space of two years."

The alleged desertion took place on Jan. 11, 1918. The libel is dated Dec. 23, 1921. The master came to the conclusion that the separation of Jan. 11, 1918, was a wilful and malicious desertion of her husband by the respondent. This is quite questionable. But, assuming this to be so, it was not persisted in without a reasonable cause for two years. As early as Feb. 23, 1918, and repeated in subsequent letters, the libellant notified the respondent most distinctly and emphatically that he was not willing to have her return. He gives character to these communications in his testimony, when he says that he was never willing to take her back since she left. This of itself is a sufficient cause for her absence, and relieves it of any wilful or malicious feature. Moreover, in November, 1919, the respondent requested the libellant to take her back and he refused. The master is of the opinion that this offer was not made in good faith. We find no warrant in the evidence for this inference. It was in accord with the attitude of the parties. She wanted to go back, and he was unwilling to have her come back. He does not say that he refused her offer because he did not think it was made in good faith. The first suggestion of bad faith in this offer came from his attorney. We, therefore, conclude that the alleged wilful and malicious desertion did not continue for two years.

It is, therefore, ordered, adjudged and decreed that the libel of the libellant be dismissed, with costs on him.